UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERYL JACQUES,

    Plaintiff,

v.    Case No.: 8:16-cv-1297-T-33TGW

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Plaintiff Sheryl Jacques' Motion to Dismiss Counterclaim and Third Party Complaint (Doc. # 11), filed on June 17, 2016. Defendant The Prudential Insurance Company of America filed a response to the Motion on June 30, 2016. (Doc. # 14). For the reasons that follow, the Court denies the Motion to Dismiss. In addition, the Court directs Prudential to deposit the relevant funds into the Court's registry, withdraws its previously entered ERISA Scheduling Order (Doc. # 5), sets a Case Management Hearing for September 8, 2016, and denies Prudential's Motion to Continue Dates Set Forth in Scheduling Order (Doc. # 17) as moot.

I.  **Background**

Prudential issued a policy of life insurance to Automatic Data Processing, Inc., which insured John Jacques.[1] (Doc. # 2 at ¶ 4). The Employee Retirement Income Security Act (ERISA) governs the benefit plan. (Id. at ¶ 12). On March 17, 2004, John submitted a form designating his two daughters, Kara and Kristen, as equal primary beneficiaries. (Doc. # 6-B). John married Sheryl on March 11, 2007. (Doc. # 2 at ¶ 5). On May 20, 2008, John submitted a new form to Prudential, designating Sheryl as the primary beneficiary of his policy. (Id. at ¶ 6). On June 6, 2013, they got divorced but remained domestic partners. (Id. at ¶ 5). John passed away on October 12, 2015. (Id.).

On November 15, 2015, Sheryl filed a claim with Prudential for the death benefit due under John's plan. (Doc. # 2 at ¶ 7). Thereafter, Kristen alleged the second form was completed either without John's consent or while John was incompetent, and asserted her and Kara's rights to the death benefit. (Doc. # 6 at ¶ 18). After Prudential did not pay Sheryl, she instituted this action on May 24, 2016. (Doc. #

---

[1] Because several people relevant to this action share the same last name, the Court will refer to those people by first name when appropriate.

2

2 at ¶ 8). Prudential then filed an interpleader complaint naming Kara and Kristen as third-party defendants. (Id. at 5). Kristen and Kara have waived service. (Doc. ## 15, 16). So far, the record reflects that they have not retained counsel.

Prudential is ready and willing to deposit the death benefit, along with any accrued claim interest, if any, to the entitled party, but is unable to determine to whom payment should be tendered without subjecting itself to multiple liability. (Doc. # 6 at ¶¶ 20, 22). At this time, Sheryl seeks an order dismissing Prudential's interpleader complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing interpleader is improper. (Doc. # 11).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken

as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

Although moving to dismiss pursuant to Rule 12(b)(6), Sheryl fails to make any legal argument that demonstrates Prudential's interpleader complaint fails to state a claim for relief. Prudential is not alleging that Michigan state law or a divorce judgment preempt ERISA, as Sheryl argues. (Doc. # 14 at 7). Instead, Prudential is alleging there are adverse claims for the entire amount of the death benefit. (Id. at 2). Accordingly, there is no reason to address Sheryl's preemption or ERISA arguments.

To begin, Sheryl's argument that the Court lacks subject matter jurisdiction is without merit. There are two types of

interpleader in federal court, rule interpleader (Fed. R. Civ. P. 22) and statutory interpleader (28 U.S.C. § 1335). Allstate Ins. Co. v. Young, 923 F. Supp. 1559, 1561 (S.D. Ga. 1996). The Court in the instant case has subject matter jurisdiction pursuant to both.

Prudential has specifically pled statutory interpleader (Doc. # 6 at ¶ 7) because there are two adverse claimants of diverse citizenship and an amount in controversy greater than $500 (Doc. # 6 at ¶¶ 1-4, 12). In addition, Prudential has requested permission to deposit the disputed funds into the registry of the Court. See Reliastar Life Ins. Co. v. Knighten, No. 5:04-cv-221-OC-10GRJ, 2005 WL 1309411, at *3 (M.D. Fla. June 1, 2005). As explained below, the Court will allow Prudential to deposit the funds into the Court's registry.

Prudential also satisfies rule interpleader, even though it does not refer to Rule 22 in its interpleader complaint. Pleadings should be construed so as to do justice. Fed. R. Civ. P. 8(e). When a stakeholder alleges all the elements of a rule interpleader action, the court should construe the pleading as stating a claim based on Rule 22. Geler v. Nat'l Westminister Bank USA, 763 F. Supp. 722, 727 (S.D.N.Y. 1991). Here, Prudential has demonstrated it may be exposed to

5

multiple liability, there is complete diversity of citizenship (Doc. # 6 at ¶ 1-4), and the amount in controversy is greater than $75,000 (Id. at ¶ 12). Thus, it has stated a claim pursuant to Rule 22.

Sheryl also argues that interpleader is improper. Interpleader actions proceed in two stages. Ohio Nat'l Life Assurance Corp. v. Langkau, 353 Fed. Appx. 244, 248 (11th Cir. 2009). First, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. Id. Second, the court evaluates which claimant is entitled to the funds. Id. The instant action is currently at the first stage.

Interpleader is appropriate when the stakeholder may be subject to adverse claims that could expose it to multiple liability. Id. "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it." Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974).[2] To state a cause of action for interpleader, a stakeholder need only "demonstrate that he has been or may

---

[2] Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

be subjected to adverse claims." Id. It is enough that the claims *could* bring about multiple liability. Id. "The adverse claims need not be formal, and the stakeholder need not judge the merits of the claims." Ohio Nat'l Life Assurance Corp. v. Langkau, No. 3:06-cv-290-J-33MCR, 2006 WL 3162354, at *2 (M.D. Fla. Nov. 2, 2006). The court also does not need to analyze the merits of the claims until the second stage of interpleader, where it determines who is rightfully entitled to the funds. Id. at *3.

In its interpleader complaint, Prudential stated, "Kristen . . . asserted that she and Kara are entitled to the Death Benefit." (Doc. # 6 at ¶ 18). Kristen's claim is sufficient at this juncture. Prudential has sufficiently met the low threshold required to state a cause of action for interpleader by showing a legitimate fear of adverse claims and multiple liability for a single fund. See John Alden Life Ins. Co. v. Vanlandingham, No. 5:04-cv-538-OC-10GRJ, 2006 WL 1529047, at *4, (M.D. Fla. May 30, 2006).

Sheryl argues the interpleader action should be dismissed because she is the only person entitled to payment. (Doc. # 11 at ¶ 1). However, the argument is premature as resolution of the argument would require the Court to reach the merits of the claims. See Ohio Nat'l Life Assurance, 2006

7

WL 3162354, at *2 ("[T]he stakeholder need not judge the merits of the claims."). At this stage, it is sufficient that two different parties (for which Prudential provided beneficiary designation forms) made claims for the death benefit that cannot be simultaneously satisfied. See 28 U.S.C. § 1335(a)(1).

Additionally, invalid beneficiary forms due to mental incompetency is a valid, legitimate reason to fear adverse claims. In John Alden, the court held interpleader was appropriate where an insurance company received adverse claims for a death benefit and the first designated beneficiary alleged the beneficiary change was invalid due to mental incompetency and/or coercion. John Alden, 2006 WL 1529047, at *4. This is the same situation alleged in the instant case. Prudential is a disinterested stakeholder who is not claiming any part of the benefits, and is ready and willing to pay the entire sum of the death benefit to the entitled claimant. (Doc. # 6 at ¶ 20). However, because the beneficiary designation form in favor of Sheryl is being challenged as invalid due to incompetence or lack of consent, Prudential is unable to determine the rightful owner. (Id.). And, the law does not require it to. See State of Tex. v. State of Fla., 306 U.S. 398, 406 (1939); Ohio Nat'l Life

8

Assurance, 2006 WL 3162354, at *3. Accordingly, interpleader is proper.

The Court orders Prudential to deposit the disputed funds into the Court's registry. A neutral stakeholder will be discharged from an action when adverse claims are brought in order to protect it from exposure to multiple liability on the same fund. 28 U.S.C. § 2361; Am. Gen. Life Ins. v. Brothen, 829 F. Supp. 2d 1369, 1371 (N.D. Ga. 2011). Thus, upon Prudential's payment, Prudential will have no further obligations under the policy and will be discharged from the action. Id.

**IV. Case Management**

The procedural posture of this case has changed significantly since the removal of the action. The Court's ERISA Scheduling Order (Doc. # 5) is accordingly withdrawn. The Court determines that it is appropriate to schedule a Case Management Hearing for **September 8, 2016, at 10:00 A.M.,** in Courtroom 14B of the Sam M. Gibbons United States Courthouse. The parties are directed to prepare and file a Case Management Report by August 26, 2016. This document can be found on Judge Covington's page of the Court's website at www.flmd.uscourts.gov. Please be advised that the Court's Case Management Report is different from those used by other

9

judges. The Court will allow all counsel and pro se parties to appear by phone at the Case Management Hearing. All counsel and pro se parties are directed to contact the Courtroom Deputy, Shameeka Teasley, at (813) 301-5348, for instruction regarding telephonic appearances by August 26, 2016.

At the Case Management Hearing, the parties should be prepared to discuss the claims and defenses as well as any unique aspects of the case with the Court. They should also be ready to discuss mediation, settlement conferences, and the possibility of consenting to the jurisdiction of the presiding United States Magistrate Judge.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Dismiss Counterclaim and Third Party Complaint (Doc. # 11) is **DENIED.**

(2) The Prudential Insurance Company of America is permitted to deposit the death benefit, including interest, if any, into the Court's registry pursuant to Local Rule 4.16, M.D. Fla. Thereafter, The Prudential Insurance Company of America will be dismissed from this action.

(3) The Prudential Insurance Company of America may file a motion for costs and attorneys' fees by **July 25, 2016.**

(4) The ERISA Scheduling Order (Doc. # 5) is withdrawn.

(5) Prudential's Motion to Continue Dates Set Forth in Scheduling Order (Doc. # 17) is **DENIED AS MOOT**.

(6) A Case Management Hearing is scheduled for **September 8, 2016, at 10:00 A.M.** The remaining parties are directed to file a Case Management Report by **August 26, 2016**.

(7) The Clerk is directed to issue a Separate Notice of Hearing for the Case Management Hearing. All counsel and pro se parties are permitted to appear by phone.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of July, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE